**E-FILED**
Friday, 28 September, 2012  05:57:37 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
|  |  |
|---|---|
| COACH, INC. and COACH SERVICES, INC., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | :  **Case No. 12-cv-2254** |
| | : |
| PURE MLK LAST STOP, INC. a/k/a MLK LAST STOP, | :  **JURY DEMANDED** |
| | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## <u>COMPLAINT</u>

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach" or "Plaintiffs"), through their undersigned counsel, for their complaint against Defendant Pure MLK Last Stop, Inc. a/k/a MLK Last Stop allege as follows:

### <u>Nature of the Action</u>

1.     This is an action for trademark infringement and counterfeiting under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and (c)); copyright infringement under the United States Copyright Act (17 U.S.C. § 501 *et seq.*); trademark infringement, unfair competition and unjust enrichment under Illinois common law; trademark dilution under Illinois common law and the Illinois Trademark Registration and Protection Act (765 ILCS 1036/65); and unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505).

**Jurisdiction and Venue**

2.     Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdiction over the Defendant because it does business and/or resides in the State of Illinois.

4.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400 (a) because Defendant resides in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

**Parties**

5.     Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.  Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in Jacksonville, Florida.

6.     Upon information and belief, Pure MLK Last Stop, Inc. a/k/a MLK Last Stop ("MLK Last Stop") is or purports to be an Illinois business operating at 1597 North MLK, Decatur, Illinois.

7.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendant knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by its inaction ratified and encouraged such acts and

behavior.  Plaintiffs further allege that Defendant has a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant failed and/or refused to perform.

### The World Famous Coach Brand and Products

8.      Coach was founded more than seventy (70) years ago as a family-run workshop in Manhattan.  Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories, eyewear, footwear, jewelry and watches.  Coach sells its goods through its own specialty retail stores, department stores, catalogs, and via an Internet website www.coach.com throughout the United States, including Illinois.

9.      Coach has used a variety of legally-protected trademarks and design elements/copyrights for many years on and in connection with the advertisement and sale of its products, including but not limited to, those detailed in this Complaint (collectively, the "Coach Marks").

10.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning.  Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding three billion dollars ($3,000,000,000).

**The Coach Trademarks**

11.     Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass Cases | May 15, 2001 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 3,908,558 | POPPY | 09 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |
| 3,812,170 | POPPY | 18 for *inter alia* backpacks, briefcases, leather key chains, bags, wallets and billfolds. | June 29, 2010 | POPPY |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | COACH |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 | |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye glass cases, leather goods, | April 13, 2004 | |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing. | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, fabrics and clothing. | November 8, 2005 | |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 | |
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 | |
| 3,779,466 | COACH OP ART | 6, 9, 14, 16, 18, 25 for *inter alia* key fobs, glasses, jewelry, daily planners, backpacks, billfolds, and belts. | April 20, 2010 | COACH OP ART |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 | |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 | |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 | |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 | |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 | |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 | |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 | |
| 2,088,707 | COACH & TAG DESIGN | 18 for *inter alia* accessory cases, backpacks and satchels. | August 19, 1997 | |

12.     These registrations are valid, subsisting, in full force and effect and have become incontestable pursuant to 15 U.S.C. §1065.[1]

13.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

14.     The registration of the marks also provides sufficient notice to Defendant of Coach's ownership and exclusive rights in the Coach Trademarks.

15.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125 (c)(1).

16.     The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

**The Coach Design Elements**

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.

17.     Many of the decorative and artistic combinations of the design elements present on Coach products are independently protected works under United States Copyright Law. These design elements are wholly original works and fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under the United States Copyright Act, 17 U.S.C. Sections 101 *et seq*. (hereinafter referred to as the "Coach Design Elements").

18.     Amongst others, Coach has a valid copyright registered with the Copyright Office for its Coach Horse & Carriage Logo, or Heritage Logo, Mark (registration number VA0001714051).

19.     At all times relevant hereto, Coach has been the sole owner and proprietor of all rights, title, and interest in and to the copyrights in the Design Elements used on Coach products, and such copyrights are valid, subsisting and in full force and effect.

### Defendant's Acts of Infringement and Unfair Competition

20.     Upon information and belief, Defendant is engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks and the Coach Design Elements (hereinafter referred to as the "Infringing Products").  Defendant's specific conduct includes, among other things:

21.     On or about February 22, 2012, an investigator for Coach visited MLK Last Stop, where he purchased a product bearing counterfeit trademarks of a manufacturer other than Coach.

22.     Subsequently, on or about February 29, 2012, an investigator and private detective for Coach (the "Investigator" and "Detective," respectively) visited MLK Last Stop.

23.     Upon entering MLK Last Stop, the Investigator and Detective observed a Middle Eastern male, approximately 6'1" and 190 pounds.

24.     The individual, who did not identify himself, contacted the owner of the business over the phone.

25.     Approximately ten minutes later, a Middle Eastern male in his early 20s arrived and identified himself as "Mike Farhan," the owner of MLK Last Stop.

26.     Upon information and belief, at all times relevant, Mike Farhan is Mohammad Farhan, who is or purports to be the owner of MLK Last Stop.

27.     On April 13, 2012, investigators for Coach assisted the Decatur Police Department with the service of a search warrant and seizure of counterfeit merchandise at MLK Last Stop.

28.     A large quantity of trademarked merchandise was seized, including eleven (11) handbags bearing the Coach Marks.

29.     At least one of the handbags seized on April 13, 2012 was inspected by Coach personnel who determined that it is counterfeit and infringes on Coach's trademarked intellectual property.

30.     Defendant is well aware of the extraordinary fame and strength of the Coach Brand, the Coach Trademarks, and the Coach Design Elements, and the incalculable goodwill associated therewith.

31.     Defendant has no license, authority, or other permission from Coach to use any of the Coach Trademarks or the Coach Design Elements in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

32.      Defendant has been engaging in the above-described illegal counterfeiting and infringing activities negligently and/or knowingly and intentionally, with reckless disregard or

willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

33.     Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

34.     Upon information and belief, Defendant intends to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products.

35.     Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendant's activities, and has no adequate remedy at law.

## COUNT I
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

36.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

37.     Defendant, without authorization from Coach, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

38.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendant's Infringing Products are genuine or authorized products of Coach.

39.     Upon information and belief, Defendant has acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

40.     Defendant's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

41.    Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

42.    Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

43.    Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114)

44.    Coach repeats and realleges the allegations set forth in paragraphs 1-35.

45.    Defendant, without authorization from Coach, has used and is continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

46.    The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

47.    Upon information and belief, Defendant has acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

48.    Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

49.    Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

50.    Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

51.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT III
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

52.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

53.     Defendant's promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendant's use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendant is in some way affiliated with Coach.

54.     The foregoing acts of Defendant constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

55.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

56.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

57.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IV
### (Trademark Dilution, 15 U.S.C. § 1125(c))

58.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

59.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

60.     The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

61.     Defendant's use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products.

62.     Defendant has intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

63.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

64.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

65.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT V**
**(Copyright Infringement, 17 U.S.C. § 501)**

66.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

67.     Many of the Coach Design Elements contain decorative and artistic combinations that are protected under the United States Copyright Act (17 U.S.C. § 101 *et seq*.).  Coach has a valid registered copyright in its Horse & Carriage Logo.

68.     Upon information and belief, Defendant had access to and copied the Horse & Carriage Logo and other Design Elements present on Coach products.

69.     Defendant intentionally infringed Coach's copyrights in the Horse & Carriage Logo and other Design Elements present on Coach products by creating and distributing the Infringing Products, which incorporate elements substantially similar to the copyrightable matter present in the Horse & Carriage Logo and other Design Elements present on Coach products, without Coach's consent or authorization.

70.     Defendant has infringed Coach's copyrights in violation of 17 U.S.C. § 501 *et seq*.

71.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

72.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

73.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VI
### (Common Law Trademark Infringement)

74.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

75.     Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

76.     Defendant, without authorization from Coach, has used and is continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Coach Trademarks.

77.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the

trade as to whether Defendant's Infringing Products originate from, or is affiliated with, sponsored by, or endorsed by Coach.

78.     Upon information and belief, Defendant has acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

79.     Defendant's acts constitute trademark infringement in violation of the common law of the State of Illinois.

80.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

81.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

82.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VII
**(Trademark Dilution, Common Law and Illinois Trademark Registration and Protection Act)**

83.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

84.     The foregoing acts of Defendant constitute trademark dilution in violation of Illinois common law and the Illinois Trademark Registration and Protection Act (765 ILCS 1036/65).

85.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

86.     Through prominent, long, and continuous use in commerce, including commerce within the State of Illinois, the Coach Trademarks have become and continue to be famous and distinctive.

87.     Defendant's use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products and has caused a likelihood of harm to Coach's business reputation.

88.     Defendant has diluted the distinctive quality of the famous Coach Trademarks.

89.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

90.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

91.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VIII
### (Unfair Competition, Illinois Consumer Fraud and
### Deceptive Business Practices Act)

92.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

93.     The foregoing acts of Defendant constitute unfair competition in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 *et seq.*).

94.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

95.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

96.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IX
### (Common Law Unfair Competition)

97.     Coach repeats and realleges the allegations set forth in paragraphs 1-35.

98.     The foregoing acts of Defendant constitute unfair competition in violation of the common law of the State of Illinois.

99.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

100.    Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

101.    Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT X
### (Unjust Enrichment)

102.    Coach repeats and realleges the allegations set forth in paragraphs 1-35.

103.    The acts complained of above constitute unjust enrichment of Defendant at Coach's expense, in violation of the common law of the State of Illinois.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against the Defendant as follows:

A.      Finding that: (i) Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendant has violated Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501); (iii) Defendant has diluted the Coach Trademarks in violation of

Illinois common law and the Illinois Trademark Registration and Protection Act (765 ILCS 1036/65); (iv) Defendant has engaged in trademark infringement and unfair competition under the common law of Illinois; (v) Defendant has engaged in unfair competition in violation of Illinois Consumer Fraud and Deceptive Practices Act (815 ILCS 505); and, (vi) Defendant has been unjustly enriched in violation of Illinois common law;

   B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

   1. Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks and/or the Coach Design Elements, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks and/or the Coach Design Elements;

   2. Engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; or,

   3. Engaging in any other activity that will cause the distinctiveness of the Coach Trademarks to be diluted;

   C. Requiring Defendant to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing

Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D.      Requiring Defendant to file with this Court and serve on Coach within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

E.      Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendant, has been authorized by Coach, or is related in any way with Coach and/or its products;

F.      Awarding Coach statutory damages of two million dollars ($2,000,000) per counterfeit mark, per type of counterfeit good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, and at Coach's request, ordering Defendant to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.      Awarding Coach statutory damages or in the alternative its actual damages suffered as a result of the copyright infringement, and any profits of Defendant not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504;

H.      Awarding Coach actual and punitive damages to which it is entitled under applicable federal and state laws;

I.      Awarding Coach its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117), the Illinois

Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505), and Section 505 of the

Copyright Act of 1976 (17 U.S.C. § 505);

       J.     Awarding Coach pre-judgment interest on any monetary award made part

of the judgment against Defendant; and,

       K.     Awarding Coach such additional and further relief as the Court deems just

and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by

jury in this matter.

Dated:  September 28, 2012             Respectfully submitted,

                                             BRYAN CAVE LLP

                                           By:  _/s/ Donald A. Cole__
                                         S. Patrick McKey, #6201588
                                         Mariangela M. Seale, #6293433
                                         Donald A. Cole, #6299318
                                         161 North Clark Street, Suite 4300
                                         Chicago, Illinois 60601
                                         Tel: (312) 602-5000
                                         Fax: (312) 602-5050
                                         *Attorneys for Coach, Inc.*
                                         *and Coach Services, Inc.*